Good afternoon. Illinois Appellate Court, First District Court is now in session. The Sixth Division, the Honorable Justice Sanjay Taylor presiding, case number 23-1805, Yvonne Williams v. Elevate Care Country Club Hills. Good afternoon. My name is Sanjay Taylor. I'm the presiding justice of the Sixth Division of the First District Appellate Court. I'm joined this afternoon by my colleagues on the panel, Justice Michael B. Hyman and Justice Carl A. Walker. If I can ask counsel to introduce themselves. We'll begin with 20 minutes. If the appellant can indicate to us how much of that 20 minutes he would like to reserve for rebuttal, I'd appreciate that. And then counsel for appellee can introduce himself as well. So, counsel for appellant. Good afternoon, Justice Taylor. Josh Vincent on behalf of the defendant Elevate Care Country Club Hills. You know, this is a pretty narrow case. I don't know that I'm going to use all 20 minutes, but I'll reserve five for rebuttal. Thank you, Mr. Vincent. Mr. Finn. Good afternoon, I don't anticipate we'll use 20 minutes. As counsel said, this is quite narrow. I think we can wrap this up quickly. Thank you, Mr. Finn. Mr. Vincent, you may proceed. Thank you, Justice Taylor. You know, fundamentally, this is a case about statutory construction and specifically what persons or entities the word who in the as used in the respondent and discovery statute refers to. And the portion of section 402 that I'm referring to says that a plaintiff can name as a respondent and discovery those individuals other than the named defendants believed by plaintiff to have information essential to the determination of who should be properly named as additional defendants. Now, the plaintiff reads this very broadly to mean that who refers to anyone that she might decide she should sue. Our position is that the word who refers to the respondent. Mr. Vincent, I'm not sure that that's how the statute should be interpreted. It's not about who they believe they should sue. It's about who has relevant information. No, that's not that's not our position at all, Your Honor. Our position is that the statute refers to. Mr. Vincent, walk us through the statute. Why don't you pull the statute up and kind of walk us through it and tell us why you believe that your interpretation. That's what I'm that's what I'm trying to do, Justice. Okay, so the statute says, and I'm quoting, believed by plaintiff to have information essential to the determination of who should be properly named as additional defendants. Now, well, our position is that the word who refers to whether the person named as a respondent and discovery can be named as an additional defendant, not other people. I understand your argument, but how do you interpret that word who? If that's what this legislature meant, then they wouldn't have used who. They would have used the respondent and discovery. They don't specifically say that. They just talk about who, and it could be, as you know, it could be many people could be disclosed in the discovery other than the party that is the respondent in discovery, correct? Well, I got a couple of responses to that. First of all, if you're really looking to find out who to sue, that's rule 224. I mean, all these things have to work. And rule 224 is specific and held and says that its purpose is to help you identify who you should sue. Rule 204, which permits you to issue a subpoena is how you gather documents and other information to help you identify other parties, help you make a case against the named defendants that you already have. But the respondent in discovery statute, you know, keep in mind, it told us the limitations period only for the person that's been named as a respondent in discovery. It doesn't told the limitations period for anyone else that you might identify in the room that you get from the respondent in discovery. It's only you've named as a respondent. Mr. Vinson, you just said that 224 deals with who you should sue. Is that correct? Correct. Yep. Petition for discovery. And you agree then that 402 deals with who may have information that could- No, I don't agree. No, I don't agree with that. That deals with whether you can find information that would allow you to make the person you've identified as a respondent in discovery, a defendant, not anybody else. Because as I said, it only operates to total limitations period for the person you've named as a respondent in discovery. If Mr. Finn goes in and finds- Go back to Justice Walker's point. Again, using the words in the statute. And again, he was trying to emphasize, and I don't think you're being consistent, who should be properly named as an additional defendant in the action. So you're saying this who can only mean one entity, and that entity is the respondent in discovery. That's your argument. That's correct. And the case law supports me on this. And specifically, I'd point you to the Westwood case, which you were on, Justice Hyman, in which you filed a dissent. And your dissent actually supports my argument entirely here. But if you look at the Westwood case, and specifically paragraph 14 of Westwood, the court said, section 402 permits it, and I'm quoting, permits a plaintiff to designate a respondent in discovery to determine what role, if any, the respondent in discovery played in the cause of action asserted for the purposes of later naming the respondent in discovery as a defendant, if warranted by the discovery ascertained. So right there, that is a specific interpretation of what the statute is referring to, and it is for the purpose of determining the role of the respondent in discovery, not for identifying other potential defendants. That's what you use a subpoena for. That's what you use a rule 224 petition for discovery for. And in fact, in your dissent, if you go back to that Westwood case, Justice Hyman, and you look at your dissent and what the issue was in that case, there you had a plaintiff who named a defendant, and then dismissed the defendant, and then brought them back in as a respondent in discovery. And you said you disagreed with the majority in that one. The majority said, basically, you know what? They named him as a defendant. They dropped him. Maybe they figured something else out. They're being careful, you know, so they're going to bring him back in as a respondent in discovery, make sure they didn't erroneously drop someone from the case. You dissented from that. And the whole point of your dissent in that case was that that's not the statute's purpose. The purpose of the statute is to figure out if that person should be a defendant. And since they had named him as a defendant, and then dropped them as a defendant, this was, as you said, wiliness. They're bringing them back in. It's sort of that interim effect. We're going to drag you back into the case. That is unfair. That's abusing the statute. And that's exactly what winds up with what's happening here. Because although in this case, they didn't name us as a defendant, drop us, and then bring us back in. They brought us into this case solely for the purpose of trying to figure out who else they should sue, not us, which was, that was not the, I mean, I'm not trying to defend myself at all. But there is a way to distinguish Westwood in my dissent, because the issue is much different. And we were not talking about the who that we are talking about here. That issue was not part of it. Only there was bringing them back and whatever. Precisely, which is why your dissent is correct in this case. And that doesn't mean that I think it's correct in this case, because it is a different issue. And also, you know, in the law, context means a lot. And so in that case, we were looking at the issue that is presented to us here. So that's correct. That's correct. But the point, you know, whether that's relevant or not, it could be debated. But the rationale, the legal point of your dissent was that you can't use the statute to bring somebody in who you already know you sued and dismissed. That was your point. And that's exactly the point that we're making here, which is you can't bring someone in as a respondent in discovery when your only purpose is to try and find someone else to sue, not them. The corollary, the parallel, the analogy is perfect. It lines up with exactly what you were saying in the dissent. And it also points out why Westwood, the majority opinion, is distinguishable from this case from the standpoint that we don't have a fact pattern here where they sued us as a defendant and then brought us back in as a respondent in discovery. You're right. That issue is different. But the heart and the legal rationale of your dissent is exactly the point that we're making here and does not create any conflict with Westwood. And when you look at the, you know, that's it's validated by the Ingram case. So, Mr. Benson, let me just read to you the relevant portion here. Plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities other than the named defendants believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action. Now, I'm going to give it to you one more time. I'm going to eliminate the words that's really not needed to us to understand this. Plaintiffs in any civil action may designate as respondents in discovery in his or her pleadings those individuals or entities other than the named defendant who should properly be named as additional defendants. So, I'm sorry, I forgot about that part. Believed by the plaintiff to have information essential to the determination of who should be named. Right. So, dramatically, we're talking about who has, we're talking about who has information. Right. And you're correct. Well, I don't think you meant this for it to be the correct, but it's anybody. Anybody who has information can be named as a respondent, can be named as a respondent. Anybody who has information. Judge, you want to let me answer the question? Please, go ahead. Yeah. Okay. It's a grammatical question. What is the object of the word who? This is statutory interpretation. This is like, you know, I don't know how many of you might be English majors in college, but it's a grammatical question. What is the word who referring to? The object of that reference is earlier in the statute, it's the respondent in discovery. That's who it refers to. Every single word. And there's a problem with what you just said. I bet you don't know what word it is. What's that? The word defendants. Yeah, that's why. Well, it's. That's why who is plural. That's right. Because it could be more than one respondent. No, no. Respondent in discovery. There's one respondent in discovery. There's one respondent in discovery. No, you're saying, well, it means respondance. Yes. No, that's not what it says, though. The word is respondant in discovery. So it's singular, yet you can have that. That's the idea is that there are other defendants, additional, additional defendants that could be named. I'm saying that that means that's every you can get other people. And I'm saying that that means that you could have more than one respondent in discovery because it says as you name as a respondent in discovery, those individuals, plural, who those individuals who that's the object of the sentence of the respondents in discovery, not third other parties who aren't named as respondents, who is referring to those individuals named as respondents in discovery. It's not me. Well, you know, the point is, all of these tools that the plaintiffs have to conduct discovery with respect to third parties, you know, have a purpose. And it's as I said, if you want to know who generally you should sue, that's what 224 is. If you want to know what information is out there that might identify somebody else or might give you evidence to use against the defendants you've named, you use a 204 subpoena. But if you want to figure out, should you sue this particular party or non-party and you need discovery to figure out if they could be culpable, that's why cases like Westwood, that's why cases like Ingram are all specifically saying that the purpose of the statute is to determine if you can find evidence of the think about it. Mr. Vincent, can I move on to a different question? Your argument is predicated on the notion that the plaintiff here could not have brought a claim against your client, who is a successor. And I guess my question is, why not? I understand that there's a contract between your client and the predecessor and the predecessor kept the liabilities, but that's a contractual matter between the buyer and the seller that the plaintiff is not a party to and is not bound by. And so why couldn't the plaintiff sue your client here? Well, mainly because, you know, the Nursing Home Care Act is specific for licensees and we were not the at the time of the plaintiff's injury. The negligence claim would require that we would have had some role of responsibility or causal connection to the plaintiff's care. And that's impossible because we didn't own or operate the facility at the time of the plaintiff's care. So there's, and I would add that there's no allegation. But if you continue to employ the employee who's alleged to have been negligent in the care of the plaintiff, um, no, that I don't, first of all, that's not pled here. Okay. I mean, I think we need to take a look closely at the complaint. You need to take a look at what the discovery was that was requested. And none of that is targeted towards some form of successor liability or some alter ego theory against Elevate at all. There's absolutely nothing there. And that's never even been argued below or in this appeal by Mr. Finn, that that was the purpose of this. When you look at Mr. Finn's, you know, um, brief and you look specifically at page 11, all she's saying is she was unable to identify any individual healthcare providers, nurses, nurses, assistants, wound care professionals, dieticians, physicians. Even if we continued to employ them, we would not be vicariously liable for acts that they committed before we employed them. So that would not be a viable theory of vicarious liability. It could only be of the occurrence. Couldn't be us. Um, plaintiff is looking for documents. Quote, this is C2 75 of the record, which may lead to the discovery of additional parties who should be named as defendants. That's not for the purpose of culpability in the bystanders report, page two, four, four 26 of the record plaintiff argues. It doesn't matter whether Elevate could be named as a defendant. Any entity can be named. That's, that's their whole point here. And that's the crux of the argument here. And I, you know, justice Walker and just time. And I get your point about the word who and who that refers to, you know, would it have been better if the legislature had said the respondent discovery or use the words, whether they, if you substitute the words, whether they should be named as additional defendants in there, it becomes clearer. I'm not saying, you know, the legislature doesn't always word it absolutely perfectly, but I think grammatically, is it ambiguous? Do you, do you concede that it's ambiguous? No, I don't think so. I think who is a specific grammatical reference back to the object of the sentence and the object of the sentence is those which grammatical guide, which, which grammatical guide should we consult drunken white? I don't know who my high school English teacher. I don't know. Courts court's discretion. Uh, maybe your English professor in college. I don't know, but it's to me grammatically, uh, the word who is referring back to the earlier portion of that sentence. And again, you know, this is entirely consistent with how the statute has been interpreted in Westwood. It's consistent with how it's been interpreted in Ingram in every one of those, each one of those cases, and including consistent with the legal theory of the justice Hyman's dissent in Westwood. The whole purpose here is to identify, you know, let's put it this way. Let's say Mr. Finn identified a doctor in our records that he realizes, Oh, I should have sued that person. Well, what good does that do him? The statute of limitations has run. I mean, this complaint was filed like two years to the day after the end, after the occurrence. So if he got the information, it, the statute of limitations hasn't been told as to that, that doctor that he's found buried in the records, he can't sue him. It doesn't do him any good. The only person he can sue or try to is to convert elevate. If he can find evidence of culpability. And that goes back to my whole central point in this case is they are not trying to establish in any way, shape or form elevates culpability. That's been throughout the record below. It's always trying to identify someone else. And when you think about it, I mean, it's not a question. Your argument is that we should look at not simply at the text of statute 2-402, but we should look at the other tools that are available, such as rule 224, a third party subpoena, and we should look at all that together and determine, you know, assign, assign a lane to each of these. But my question to you is why can't multiple tools occupy the same lane? Well, I think it would make it superfluous. I mean, you're supposed to interpret these things with reference to one another. And I think there is a structural organization to it. You know, each one does serve a particular purpose. You know, you use a Phillips screwdriver, you got a Phillips screw, use flat edge if you got flat edge. You know, in this case, they're not trying to sue elevate. They're just trying to get information. Sometimes you might use a flat head when you don't have a Phillips if it works. Well, but that's my point. How about a Swiss Army knife? I don't think that the discovery respond, you know, keep in mind the respondent discovery statute has an effect. And again, this was part of the point of your dissent in Westwood, Justice Hyman. You know, when you get sued as a respondent in discovery, and now the limitations period for your claim against you has been told, you got to report to an insurer probably, you got investors that are going to have to be alerted to the risks. None of those problems occur when you're served with a 204 subpoena. When you receive a petition for discovery under 224, those are not, you know, the interim type effect of naming someone to respond in the discovery. When you sort of look at how this unfolded, you know, that's- Thank you, Mr. Vincent. Do you, do my colleagues have any more questions? Yeah, I have one more. Since we're becoming wordsmiths here in this sentence. Yeah. And Mr. Vincent, you mentioned the legislature might've been better off saying the word they than who- Whether they, yeah. Yeah, right. But the fact that they didn't, to me, at the very least, indicates ambiguity. Because that's why we're having an argument here between the two of you in this discussion, is we aren't sure, you say who means this, and, you know, you have a reason. And there are other reasons why who can be read as more broadly. And if they really intended that it be as narrow as you contend, then they wouldn't have used the word who should properly be named. They said, you know, they would have used some different word there than should. Okay. Well, I would say that then you default to the rule of statutory construction that you need to construe the statute as a whole. And the statute as a whole provides a mechanism to convert only the respondent in discovery to a defendant. It does not provide any mechanism for the plaintiff to convert someone else who's not named as a respondent in discovery as a defendant. So if you read the word who to mean anyone else, then I think you're almost rendering the purpose of the statute. It's an absurd reading, because it doesn't serve the purpose of the statute. The purpose of the statute was to give someone that extra time. I'm going to move on now to Mr. Finn, and we'll get back to you at the end. I'm sorry for calling this a short resolution, Your Honor, in light of how broad we just went. With this panel, there is no such thing. It was fascinating. I don't remember my English classes that well. Plaintiff's point is kind of simple. There are multiple tools provided for parties to engage in discovery. Mr. Vincent brought out 224, which is sometimes used, and a subpoena could have been issued. But this statute also provides a mechanism to get from anyone who plaintiff believes has information essential to the determination of who should properly be named additional defendants to get that information. What about Mr. Vincent's argument that there's no tolling, so that if they were anyone else identified, you wouldn't be able to sue them? What we're going through is a meaningless process. Yes, that's actually untrue. First of all, you have to go back and look where I was when I decided to do this and take this tact. I was at a point where I had issued requests to his client to give me the basic information, a chart of my client. They wouldn't even do that. I'm now having to sue somebody. I don't have much information. I can tell they're now in charge of this facility. I don't know anything about their relationship with the old owner or licensee. I am doing my best to get what I need to have a viable case. I didn't learn until they decided to provide me. The one thing they did provide me was the one thing they're relying on to help them in defeating my attempt to get information, which was that contract that Justice Taylor alluded to. I had no idea what my theory was going to be against them, but I knew there were potential theories. I knew that I could maybe get them as a joint venturer, potentially, if they continued on with the business. I didn't know how the money went when I filed the case. I didn't know whether there was a mere continuation of the operations with a new titular owner, but really it was a and I couldn't have known that. That's why you need some information. I don't file cases. We don't need to decide the meaning of who because, based on the information you had at the time you filed your petition, that this respondent was a potential defendant. Yes, Your Honor. This respondent was a potential defendant. It just depends what actions they took. Until I can review medical records and see what different people did, whether orders were made, whether orders were followed, et cetera, et cetera. I'm not limited to only suing the licensee under the Nursing Home Care Act. The Nursing Home Care Act also makes owners of the facility responsible. I'm not limited to Nursing Home Care Act. I can sue them under regular negligence principles or professional negligence principles, as may go. I do this all the time because I can't sue people for wrongful death, for example, under the Nursing Home Care Act. I need to have a separate- Two questions. One, with regard to the document that we've been talking about, the transaction between the parties. Yes. That was produced after you filed your complaint. Yes, Your Honor. Okay. If we rule that the who does mean them, how does that impact this particular case, if at all? In this case, and this goes to the argument we didn't really get to, which personally, I think it was improperly raised before this court. There were two rulings by the judge that in the contempt order, one was the finding of civil contempt for failing to abide by the order compelling discovery being produced. The other was the denial of their motion to terminate their status as RID. There was no... I mean, that's an interlocutory, a complete interlocutory appeal. That is that on, and to raise all those issues in this, I just think was improper. But to get to that real quickly, I never moved for making them or anyone else an RID, and excuse me, a defendant. If the statute had run as to everybody, they were the only game in town. I think there's still a potential defendant in this case because based on the very last sentence of the last paragraph of 402, I'm allowed to ask the trial court to look at the fact that they failed to refuse to comply with timely file discovery if your honors deny this appeal, and he'll give me the discovery. I'll get the discovery. I can make a determination at that time, and he'll give me what additional time I deserve. I think, frankly, I think I deserve the whole six months, and I'll tell you that because I think their entire tactic in this case was frivolous from the very beginning. I don't think this was a good faith argument. I've read Westwood, and that was, God knows, that was a unique situation. I guess those are the things that come before the appellate court. In this case, the reason this is important to me, this is not a unique situation. I think this works very well. If I have a real inkling that a party out there may be, what I mean is I'm missing something to link them and name them a defendant in good faith. This statute is beautiful. It gives me six more months. It lets me get that information, et cetera. However, it also lets me perhaps, and it's not necessarily the purpose I named a party as an RID, but it may give me information as to other people, other parties that I don't have, I don't have access to, and that's what happened in this case. I might have found a doctor. Now, I can't sue them, but the truth of the matter is I might be able to sue this entity under, I'll think about it later, but under some other party for improperly from getting the information I needed to sue that doctor. That's what's the problem with their methodology here. I understand. They were saying just issue a subpoena, issue a subpoena, and I could have, but that wouldn't have solved the issue of keeping them open as a potential defendant. They want to tell me why I was seeking all this information. I was seeking this information for a multitude of purposes, and until I see the information, I can't tell what it's going to be pertinent to, and they should have just, like every other, this is the only time this has ever happened to me that I've been forced to go to court to get a medical chart of somebody, and this isn't pleasant. This is expensive. This was time consuming. This was ridiculous. But basically, your argument is that however we read the statute, you win in either event because it was proper what you did. I do. I do. That issue really could go either way as we've been discussing, so on that specific, what arguments would you make? Well, Mr. Vesson said, well, we should look at the statute as a whole, and he believes that the statute as a whole reads only the respondent discovery and not anyone else who might be disclosed in the information provided by the respondent discovery. What is your position? My position on that is in order to read it as a whole and come to that conclusion that he wants, you need to rewrite the statute. You need to insert the they rather than the who because it's pretty clear that they chose who and not they, and that had they done they, definitely referring back to the earlier entities in the sentence, that was very important. That would tell you reading the statute as a whole, it's all consistent. It all has to do with respondent and discovery, and that's it. But given how the statutory language is, I think it allows it as a means to get information regarding other people or other entities as well. But Mr. Finn, I think the concern that Mr. Vinson has here is that the interpretation that you give us of the statute says that anyone in the world could be named as a respondent discovery, whether they have the potential of being a defendant or not. I guess I go to that nice language in addition to my need to follow rules of professional responsibility, but the language in the statute looks back to that and says, it probably should say that I reasonably believe to have information. But yes, there is some limitation. Afterwards, I guess you could say, look, he was wrong. But clearly, it doesn't allow me to go after everybody in the world. I couldn't justify it. Let me put it that way. I need to be able to justify being able to. And I think that's why Mr. Vinson finds the statute troubling with the interpretation that you give, because you could name Justice Hyman as a respondent discovery or Justice Taylor. But I couldn't justify it. I could, but I couldn't justify it. And so I'd probably suffer sanctions in addition to it not availing me of any useful information. I'd probably suffer sanctions as a result, too. Let me ask a different question. Mr. Vinson's argument is that this language who refers back to the respondent in discovery, and he made a grammatical construction argument. But I don't discussions of grammar in neither party's brief. Am I correct? There wasn't. There wasn't. I'm sorry. I may have cut off Justice Walker. I'm sorry. That's okay. You're good. I have a question. Are you aware of any case that says in the respondent discovery is as you say it should be, as that, I guess, broad, as opposed to the narrow that Mr. Vinson wants? Is there any case out there that other than the one case we've talked about, which he says goes his way, other than that case, is there any case that would even hint at what you're saying? I did not find one, Justice Hyman. And I'm sitting here with my marked up copy of Westwood as well. And we all read things as we read them. I think he's overstating what your concern was. Your concern was- Let's ask you a different question. Let's assume for sake of argument here that Mr. Vinson is right. Because what he's saying is, and it's a good analogy, that there are many different ways to do things. And many of those ways are specific. You can do A, B, or C. And that's what he's saying. This is different than you could subpoena, you could do other things. Okay. So, to learn information. And so, if we agree with him, it just seems that in this situation, there hasn't been any violation because, and you should get the materials, because you might be able to name them despite their contention. Otherwise, that's enough for us to decide down the road, because you don't have the documents. So, in considering there are no cases on it, it's interesting that in all this time, that hasn't come up. And it didn't come up in the case we've been discussing because it wasn't the issue. But that has never come up as an issue. It's kind of sometimes the absence of something tells us more than what's said. Yes. And it's interesting, Justice Hyman, this is, you know, some of my fellow plaintiffs' attorneys might say, this was a fool's errand. Why are you in the court on this? And part of it, realistically, was I was annoyed by the fact that there wasn't. There wasn't this governing principle, and this was allowed to kind of go on. There was a case, defendants, I was a defendant's attorney once. Defendants don't like this statute, never have since the day it was born. And they attacked it once in a case where someone was named an RID. They used the statute merely to gain the six-month time, but they never even issued a discovery request. They already had everything they needed, but they waited for whatever strategic reason they did. And that's how important that was to you also. Yes. Yes. You're not criticizing the other party or the other entity. No, no, no, no, no, no. Because that's exactly what you just did. Well, no, I tried to get, no, no, they didn't even issue discovery to the respondent in discovery. They didn't make any pretense. They used the statute for its six-month advantage. And you've got to remember that this statute, when enacted in 1982, actually had the words medical malpractice in front of it. Medical malpractice, respondent in discovery. Because as many cases go back and they look at it and they talk about, Justice Hyman, you did this in your dissent in Westwood. You raised that. You noted that. But let's look. When those words came off of this statute, the legislature didn't change the language of who. And so back in the day when a respondent in discovery only was going to be some type of provider, a little bit, Justice Walker, this is kind of what you're saying. Back then, I couldn't have issued a request to Justice Hyman or Justice Taylor because they weren't someone who likely would have had information pertinent to the medical malpractice issues. Now that we don't have that limitation, and while this case happens to be more in the medical realm, cases like Westwood, which have nothing to do with medicine, it's respondent in discovery is used now as a vehicle in lots of cases. And I think it needs to be interpreted broadly. And as I said, I think that the cap on it is the ability for plaintiff's attorneys, plaintiff's attorneys can go too far, no doubt. And they could abuse things. And if they do, if they abuse the discovery vehicle, then the trial court will visit their wrath on them where they should. This was not such a case. If you can wrap up in the next two minutes. Yes, easily. Your Honor, I believe that statute is, frankly, not ambiguous. I believe the language of who should be accorded its plain meaning in the context of the paragraph it is in. And I would ask that the court deny the appellant's request for relief, both in terms of overturning the contempt, as well as overturning and denying their request that the court rule on the issue of whether or not plaintiff can continue to seek to convert the appellant in the trial court. Okay. Do my colleagues have any questions of Mr. Finn? Okay. Thank you. Mr. Vincent, you have five minutes, but I'm just looking at my college grammar book, as you suggested, which is actually, believe it or not, sitting on my shelf here. Who is a relative and subjective relative pronoun? So what's the rule of grammar that we should employ that dictates us coming to the same conclusion that you had? I'm too clever for my own good. I can't give you that rule off the top of my head, I'm afraid, Justice Taylor. But I do have two short points I'd like to make in rebuttal. One is, you have to keep in mind, this is a statute in derogation of the common law. It is supposed to be strictly construed, not broadly construed. So that's step one. You had no right to do something like this until this statute was passed. And I think that explains why, to Justice Hyman's point, there's no case that's ever interpreted it this broadly. The only cases that bear on it, Westwood and Ingram, that we've cited, limit it to the respondent in discovery. The person who you can develop evidence of culpability for and then convert to a defendant under the statute, it's never been interpreted as a tool to discover other defendants beyond those named as respondents. Do you agree with that? Even when it was called medical malpractice, so if you didn't name any, you didn't know who the doctors were, and you didn't name the doctors, but you named the hospital, then you couldn't name the doctors later. Because you found in discovery with the hospital that they had, these were the doctors. I think that's probably true, but I think you could still name, you could name multiple respondents. You weren't limited to just, you didn't know who the doctors were. You don't have the record. See, what's happening, what happened here is he doesn't know who treated. That may be true. If he has no records, he doesn't know who treated. The client comes in, has no idea, but all he knows is the name of your client. And that's why he wanted more information. Which he could have gotten through a subpoena, okay, or a rule 224. But who does he sue? He's got to have a lawsuit. Well, it wouldn't, but the RID statute, as we've pointed out, wouldn't help him with regard to those unknown physicians. It's not tolling the time for that. So it doesn't make any difference. Whether it's tolling the time or not, that's his problem, not yours. And that's not what the statute's talking about, is that it's only tolling to the named for six months, the name. But it does, but if we read who broadly, that in doing so, you could, particularly when you think about it in the medical malpractice arena, and we should look at what the legislature did at the time that it was considering this, that was the background of it. So you would be able to find other parties. And the fact that they took that out doesn't change what the original intent was. I'm not denying that you could identify other parties through that process, but I still think that's not the purpose of the statute. Certainly you could do that through the use of it, but it's not the purpose of it. And that to me is important to interpreting the statute. Second thing I want to point out is it could not have been that important to Mr. Finn to keep us in the case by using the RID statute because it's expired. The time for conversion has passed. He never extended it. And so one of the things I think you got to consider in this case is whether you got a mootness problem here. He can never bring us back. You didn't produce a document. So he gets six months. Well, he could have moved it. You haven't given him the documents, then it's not his fault. No, there's nothing that would have prevented him from moving to extend the conversion date. He moved to extend it once to August 28th of last year, but he never moved again. It's not like an appeal under 304B holds the time or stays the underlying case. A 304B appeal does not stay the underlying case. He had an obligation if he wanted to keep us in the case to go back in and ask for that conversion date to be extended until the conclusion of the appeal if necessary, but he's never done that. So the conversion date has passed and that's different than the case, than Westwood where the respondent was dismissed. And when you reversed and remanded, you said you got six months from the issuance of the mandate in order to convert. That's not this fact pattern or procedural posture of this case. In a situation like this, where the respondent has been stuck and has gone up on a contempt and the contempt doesn't stay the underlying case, he's got to keep that conversion period alive and he failed to do it. So if you don't want to address the who question and you look closely at your jurisdictional issue here about standing and mootness, then I think there's a serious problem here that he's let the time run for conversion. He can never convert us to a defendant and in that circumstance, you should remand it with instructions to dismiss us and terminate us as a respondent in discovery. We can never be converted to a defendant. The whole point is, you know, is lost now. Okay, thank you Mr. Vincent. Is there anything else you want to add very briefly? No. Okay. We just ask that you reverse and remand for our dismissal. Any more questions from the panel from Mr. Vincent? Okay. Okay, thank you Mr. Vincent, Mr. Finn for your zealous advocacy. The case is submitted and the court will issue an opinion in due course. Thank you.